PETER N. BETHANIS, PLAINTIFF, v. CELIA SIEGEL AND ISRAEL SIEGEL, DEFENDANTS.

---

SADIE KOTOK AND FRANK KOTOK, HER HUSBAND, AND DAVID KOTOK, PLAINTIFFS, v. ISRAEL SIEGEL, DEFENDANT.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Cecil W. Rotzell.*

*Contra, Willis Tullis Porch* and *Leroy W. Loder.*

PER CURIAM.

These cases were brought to recover for personal injuries and property damage resulting from a collision between the automobile of the plaintiff Bethanis and that of the defendant Siegel. The cases were tried together and resulted in verdicts against Israel Siegel in favor of the plaintiff Bethanis for $1,000; for Sadie Kotok, $3,000; for her husband, Frank Kotok, $800, and for David Kotok, $10.

The defendant Siegel has a rule for new trial in each case and it is claimed that the verdicts were against the weight of the evidence, that the damages are excessive, and that the

court erred in refusing to declare a mistrial and in its ruling on evidence.

Bethanis' injuries consisted of a cut on the forehead, bruises on the arm, to his knee cap and scratches on his shin bone and a cut thumb. The head injury left a scar. He could do nothing for two weeks, had bills of about $100 for assistance in his business and hospital charges and suffered the loss of his car worth $100. He claimed to have suffered much pain, is nervous, cannot drive a car and is impaired in his business activities.

In Mrs. Kotok's case there was proof of considerable injury and suffering, a resultant miscarriage, and a scar on the forehead.

The husband's claim was for his wife's medical expenses and for loss of consortium. Actual expenses of $335 were proved. The verdicts seem to us not to be excessive.

As to the weight of evidence, the jury could well find that the accident was caused by the defendant crossing from his own side to the opposite side of the highway on which the two cars were approaching each other, and directly in the face of the Bethanis car, and this would justify an inference of negligence.

The insurance feature was injected into the case by the doctor and apparently without the knowledge of plaintiff's counsel. The judge expressed his readiness to instruct the jury to disregard it, but defendant's counsel requested him not to do so. The mistrial was, we think, rightly dismissed. Defendant's offer of the report made by the police sergeant to his department was incompetent and properly overruled.

The rule for new trial is discharged.